Anna R. Becker, Appellant, v. Peter A. Frasse & Co., Inc., Respondent.— Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of plaintiff for the relief demanded in the complaint, with costs, upon authority of *Becker* v. *Frasse & Co., Inc.* (*post,* p. 661), decided herewith. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and appropriate conclusions of law will be made. Lazansky, P. J., Rich, Carswell and Scudder, JJ., concur; Kapper, J., dissents and votes to affirm for the reasons stated in his dissenting memorandum in *Becker* v. *Frasse & Co., Inc.* (*supra*). Settle order on notice.

Frederick O. Becker, Appellant, v. Peter A. Frasse & Co., Inc., Respondent.— Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of plaintiff for the relief demanded in the complaint, with costs. The instrument sued upon is clear and unambiguous. The undisputed evidence as to the year for which excess income tax had been paid being prior to January

1, 1925, and as to the date in February, 1925, when the refund in fact was paid, required that the plaintiff have his proportionate share in accordance with the written instrument of January 9, 1925. There is no testimony legally evidencing any agreement prior to the execution of the instrument of January 9, 1925, that the parties intended to exclude from that instrument payments of excess income tax prior to January 1, 1925, which had been the subject of refunds allowed prior to that date but not repaid by the government until after January 9, 1925. The declaration of the defendant's witness as to what was intended, without any proof as to what was said between the parties or of acts upon which the claimed intention might be predicated, is insufficient to support the findings made in defendant's favor. In order to sanction the result arrived at below, it would have been necessary to have had the instrument sued upon reformed to express the intention asserted by the defendant, not because the instrument is ambiguous but because it clearly states a contradictory and different intention from that claimed by the defendant. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and appropriate conclusions of law will be made. Lazansky, P. J., Rich, Carswell and Scudder, JJ., concur; Kapper, J., dissents and votes to affirm, being of opinion that plaintiff was selling his stock, that its price was the subject of bargaining, that it was finally fixed at eighty, and that such price contemplated its value on the basis of the corporate assets, inclusive of refunded taxes up to that date but not yet actually paid over. Hence, " collect after this date any further refund " fairly meant future possible collections, and the oral evidence was admissible to clear up the situation, ambiguous in the light of all the circumstances. Settle order on notice.